*6 OPINION.
Geeen :
The four questions raised in these proceedings will be discussed in the order in which they have been previously stated.
1. The $25,000 obligation incurred during the fiscal year ended January 31, 1919,- in connection with the petitioner’s liability for the *7 restoration of altered leased premises should be treated as advanced rent, since the amount paid was part of the consideration flowing from the lessees to the lessors under the lease, and the recovery of said amount by the petitioners would necessarily have to be out of the profits which it anticipated it would make from its business, during the life of the lease. If, however, the remaining life of the building upon which the expenditure was made is less than the life of the lease, the shorter period may be used.
2. The second question is whether certain payments made by the petitioner in the fiscal year ended January 31, 1919, in connection with the erection of its new building in Pittsburgh, after a fire had destroyed the old building, were capital expenditures or deductible expenses.
We are of the opinion that the respondent was correct in treating the expenditures incurred to expedite the construction as capital expenditures to be exhausted over the life of the building. In the ordinary case the material and labor costs are not only reflected in the value of the completed building, but that value subject to exhaustion remains throughout the life of the building. Regarding the expenditures here in question, the value of them did, to some extent, remain or inure to the petitioner throughout the life of the building.
3. The sale by the petitioner to Abraham Friedberg of 1,402% shares of preferred stock and 3,005 shares of common stock of Perry Dame & Co. on December 15, 1920, was held by the respondent not to be a bona fide sale and not to constitute a closed and completed transaction, and he accordingly held that the loss thereon of $211,516 was not deductible in the fiscal year ended January 31, 1921.
There can be no doubt that the sale by the petitioner to Friedberg of the Perry Dame & Co. stock on December 15, 1920, was occasioned by business considerations alone, and that the subsequent reacquisition of that stock by the petitioner in no way affected the motive of the original sale, which was the result of purely business considerations.
We are of the opinion that the contract for sale and purchase, and that relating to the options are separable, and that the option contract, and its subsequent renewal in another* option contract which was ultimately exercised, in no way affects the bona tides of the sale made on December 15, 1920. Accordingly, the respondent erred in not allowing as a loss for the fiscal period ending January 31, 1921, the loss sustained on the Perry Dame & Co. stock.
4. From our conclusion as to the loss in the Perry Dame & Co. stock, it follows that in computing the average deduction from *8 invested capital for inadmissible assets the cost of that stock should be eliminated as of December 15, 1920.
Reviewed by the Board.

Judgment will he entered under Rule 60.